# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, Sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2888 | **DATE** | 8/14/2001 |
| **CASE TITLE** | Dawn Boutte vs. Service Employees Intnl. Union | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Before the court is Defendant's motion for summary judgment. Defendant's motion is granted. See attached order and opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 15 2001 | |
| | Notified counsel by telephone. | date docketed | 54 |
| X | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| | | FILED FOR DOCKETING 01 AUG 14 AM 11: 11 | date mailed notice |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
AUG 15 2001

| | |
|---|---|
| DAWN BOUTTE )<br> )<br>         Plaintiff, )<br> )<br>v. )<br> )<br>SERVICE EMPLOYEES )<br>INTERNATIONAL UNION, )<br>LOCAL 73, AFL-CIO )<br> )<br>         Defendant. ) | Case No. 99 C 2888<br>HONORABLE CHARLES R. NORGLE |

**ORDER AND OPINION**

CHARLES R. NORGLE, Sr., District Judge:

Before the court is Defendant's motion for summary judgment. For the following the reasons, the motion is granted.

**I. BACKGROUND**

This case involves a claim of breach of duty of fair representation. The following facts are taken from Defendant's statement of facts submitted in accordance with Local Rule 56.1, which have not been disputed by Plaintiff.[1] Plaintiff, Dawn Boutte ("Boutte"), worked as a clerk for the Department of the Army at Fort Sheridan from September of 1986 to May of 1993 when the base closed. In May of 1993, the Department of the Army subjected Boutte to a "RIF" (reduction in force). At the time of her RIF, Boute had a federal government GS-4 (grade salary), Step 10 status and earned $25,112 per year. After several months of unemployment, Boutte obtained a temporary

---

[1] Plaintiff failed to submit a statement of facts pursuant to rule 56.1. Accordingly, the facts presented by Defendant's are deemed admitted. See Jupiter Aluminum Corp. v. Home Ins. Co., 225 F.3d 868, 871 (7th Cir. 2000); Schneiker v. Fortis Ins. Co., 200 F.3d 1055, 1057 (7th Cir. 2000); Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir. 1994).

position as a clerk in the Fiscal Department of the Westside VA Medical Center ("VA") in May of 1994. Then, in September of 1994, Boutte became a permanent employee with the VA as a clerk in the Radiology Department. The status for the permanent clerk position was a GS-4, Step 2 with a salary of $18,577.

Not satisfied with the salary in her new position, Boutte complained in October of 1994 to Ms. Anita Hunt ("Hunt"), a Personnel Specialist at the VA. Boutte expressed to Hunt that she believed that her starting salary at the VA was incorrect, and that she was entitled to earn the prior salary she made at the Department of the Army based on the regulations promulgated by the Office of Personnel Management. Hunt did not agree with Boutte's interpretation of the regulations and rejected her complaint. Boutte then approached her union representative of Defendant, Service Employees International Union, Local 73 ("Local 73"), Michael Randolph ("Randolph"), and made the same complaint that she had made to Hunt. Boutte asked that Randolph look into the matter. Without ever responding to Boutte, Randolph abandoned his position as a union representative and left the union. Boutte took no further action in regard to her complaint in 1994, 1995, or 1996.[2]

Finally, in November of 1997, Boutte filed a grievance under the contract between Local 73 and the VA in regard to her claim of entitlement to her prior salary. Boutte's grievance was processed but ultimately rejected. The VA gave two reasons for rejecting Boutte's grievance: (1) it was untimely because the contract provides that grievance must be filed within thirty days of the occurrence; and (2) Boutte was not entitled to the higher salary under the regulations because of her break in service. Local 73 decided not to take the grievance to arbitration on behalf of Boutte.

---

[2] Boutte became a union steward for Local 73 in April of 1996.

Boutte then filed this action on April 30, 1999, against the VA, Local 73, and a representative of Local 73, Brenda Woodall. The only defendant that remains is Local 73, who now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.[3]

## II. DISCUSSION

### A. Standards for summary judgment

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Cornfield v. Consolidated High School District No. 230, 991 F.2d 1316, 1320 (7th Cir. 1993), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Murphy v. ITT Technical Services, Inc., 176 F.3d 934, 936 (7th Cir. 1999); see also Shank v. William R. Hague, Inc., 192 F.3d 675, 682 (7th Cir. 1999) (stating that a party opposing summary judgment must present "what evidence it has that would convince a trier of fact to accept its version of events"). A defendant is entitled to put the plaintiff to his proofs and demand a showing of the evidence. See e.g. Navarro v. Fuji Heavy Industries, Ltd., 117 F.3d 1027, 1030 (7th Cir. 1997). If the plaintiff fails to come up with the required proof, the defendant is entitled to summary judgment. See id. It bears repeating that the plaintiff must present evidence, rather than speculation and conclusions without factual support. See Rand v. CF Industries, Inc., 42 F.3d 1139, 1146-47 (7th Cir. 1994).

---

[3] Defendant Westside VA Medical Center was dismissed from this case on June 7, 2000 because of Plaintiff's failure to properly serve pursuant to Federal Rule of Civil Procedure 4(i). Defendant Brenda Woodall participation in this case ended July 21, 2000, when her motion to dismiss was granted by this court. Subsequently, Defendant Woodall has not been named as a defendant in any amended complaint.

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. See Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir. 1996). The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the party opposing summary judgment. See Fed. R. Civ. P. 56(c); Perdomo v. Browner, 67 F.3d 140, 144 (7th Cir.1995). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); First Nat'l. Bank of Arizona v. Cities Service Co., 391 U.S. 253, 280 (1968); Wolf v. Buss (America) Inc., 77 F.3d 914, 922 (7th Cir. 1996). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge v. Amercian Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994) (citing Anderson, 477 U.S. at 249-50; 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure: Civil § 2712, at 574-78 (2d ed. 1983)).

**B. Claim of Breach of Duty of Fair Representation**

Title 5 of the United States Code encompasses the Civil Service Reform Act ("CSRA"). The CSRA is a detailed, comprehensive effort to regulate employee-management relations in the federal government. See Schrachta v. Curtis, 752 F.2d 1257, 1258 (7th Cir. 1984). Title 5 provides that:

> A labor organization which has been accorded exclusive recognition is the exclusive representative of the employees in the unit it represents and is entitled to act for, and negotiate collective bargaining agreements covering, all employees in the unit. An exclusive representative is responsible for representing the interests of all employees in the unit it represents without discrimination and without regard to labor organization membership.

4

5 U.S.C. § 7114(a)(1). Further, under Title VII it is an unfair labor practice for a labor organization to breach the duty of fair representation. See 5 U.S.C. § 7116(b)(8). "National labor policy has been built on the premise that by pooling their economic strength and acting through a labor organization freely chosen by the majority, the employees of an appropriate unit have the most effective means of bargaining . . . ." McLeod v. Arrow Marine Trans., Inc., No. 01-1060, 2001 WL 783748, at *3 (7th Cir. July 12, 2001) (quoting NLRB v. Allis-Chalmers Mfg. Co., 388 U.S. 175, 180 (1967)). "To help balance the power bestowed upon the union to exclusively represent all employees in employment disputes, "'a concomitant duty of fair representation [is owed] to each of its members.'" McLeod, 2001 WL 783748, at *3 (quoting Garcia v. Zenith Elecs. Corp., 58 F.3d 1171, 1176 (7th Cir. 1995) (in turn quoting Cleveland v. Porca Co., 38 F.3d 289, 295 (7th Cir. 1994)); see Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 44 (1998). In terms of federal employees and their unions, the Federal Labor Relations Authority ("FLRA") has been established to determine if a claim of unfair labor practice has merit and to take any appropriate remedial action. See 5 U.S.C. 7118. To state a claim against a union for breach of its duty of fair representation, a plaintiff must establish that the union's action was arbitrary, discriminatory, or taken in bad faith. McKelvin v. E. J. Brach Corp., 124 F.3d 864, 867 (7th Cir. 1997) (citing Air Line Pilots v. O'Neil, 499 U.S. 65, 67 (1991)). All remedial action lies with the FLRA. See Karhalios v. National Federation of Federal Employees, Local 1263, 489 U.S. 527, 532-33 (1989). Congress intended the remedies provided by the CSRA to be the exclusive means to remedy violation of the Act's substantive provisions. See Schrachta, 752 F.2d at 1260. Thus, federal employees do not have a private cause of action against a union for breach of its duty to fairly represent the employee.

5

The Karahalios case is extremely instructive. Karahalios, a language instructor for the federal government, was represented by the National Federation of Federal Employees, Local 1263 ("Local 1263"). Karahalios, 489 U.S. at 530. Karahalios was demoted as a result of a grievance filed by another individual, Kuntelos, who sought the position held by Karahalios. See id. Kuntelos was also represented by Local 1263. See id. Karahalios filed his own grevance with Local 1263, but the union refused to prosecute it because of a "perceived conflict of interest with its previous advocacy for Kuntelos' grievance." Id. Karahalios filed unfair labor practice charges with the FLRA. See id. The FLRA upheld Karahalios claim that Local 1263 breached its duty of fair representation. See id. However, the Regional Director of the FLRA entered into a settlement with Local 1263 "whereby the Union posted notice guaranteeing representation to all employees seeking a single position." Id. Karahalios contended the settlement offered no relief to him and filed suit in United States District Court alleging unfair labor practice. See id. Justice White writing for a unanimous Court found that there was no basis for a cause of action against the Union. See id. at 536. Justice White wrote that "the ultimate issue [was] whether Congress intended to create a private cause of action." Id. at 532 (citing California v. Sierra Club, 451 U.S. 287, 293 (1981)); see also Touche Ross & Co. v. Redington, 442 U.S. 560, 569 (1979). Justice White further wrote:

> . . . [N]either the language nor the structure of the Act shows any congressional intent to provide a private cause of action to enforce federal employees unions' duty of fair representation. That duty is expressly recognized in the Act, and an administrative remedy for its breach is expressly provided for before the FLRA, a body created by Congress to enforce the duties imposed on agencies and unions by Title VII, including the duty of fair representation.

6

Karahalios, 489 U.S. at 533. Justice White concluded that "[n]othing in the legislative history of Title VII has been called to our attention indicating that Congress contemplated direct judicial enforcement of the union's duty . . . . All complaints of unfair labor practices were to be filed with the FLRA." Id. at 533.

As stated before, Boutte's grievance does not involve a demotion, but rather an allegation that she is entitled to the same salary grade and salary in her new position. Boutte sought redress initially through the VA, but her complaint was rejected. Boutte then did not readdress the complaint until three years later, when she again made the same allegations to the VA. The VA processed her grievance but ultimately rejected. Boutte's next step was to immediately file in the United States District Court, without any attempt at filing with the FLRA. Regardless of these minor factual differences, the case at bar addresses the same issues as was decided in Karahalios, namely whether a private cause of action exists. Based on Karahalios, it is abundantly clear that Boutte's claim of breach of the duty of fair representation before the United States District Court is untenable. Further, any remedy that may still potentially exist lies with the FLRA.

### C. Miscellaneous Claims

Boutte also makes references to a couple of other claims besides her claim of a breach of duty of fair representation by Local 73. In her complaint, Boutte refers to Local 73 as having "discriminated" against her based on her age. Boutte, however, admits that she has not filed either a discrimination charge nor an unfair labor practice charge with any federal agency. Further, Boutte fails to offer any facts or proof to support her allegation of age discrimination. In reality, Boutte

made the allegation of age discrimination based on a form she read and not on any actual discrimination.[4]

Additionally, Boutte raises the specter of the Fair Labor Standards Act ("FLSA") in several previous pleadings. Once again, Boutte offers no evidence or proof to support any allegation of a violation of the FLSA. Even though Boutte is pro se it is not the responsibility nor "the role of this court to research and construct the legal arguments open to parties...." Doherty v. City of Chicago, 75 F.3d 318, 324 (7th Cir. 1996) (quoting Sanchez v. Miller, 792 F.2d 694, 703 (7th Cir. 1986), cert. denied, 107 S. Ct. 933 (1987)); see also United States v. Jones, 224 F.3d 621, 626 (7th Cir. 2000) (Arguments that are not adequately developed or supported are waived, and a court need not consider them). The court has struggled to liberally construe Plaintiff's pro se pleadings, which are disjointed and difficult to decipher, and has found no evidence to support any claim of discrimination.

---

[4] Boutte admits in her deposition that her discrimination claims are based on information she obtained from a form rather than on actual events that took place.

> Q. When you say discrimination, therefore, I take it you are not talking in this context about race, sex, age, national origin, handicap, religion, those type of areas of discrimination. You're not using the word in that context, is that correct?
>
> A. According to the federal sector of the Equal Opportunity Commission, age would be the factor according to that particular sector of the EEOC, under age falls pay, p-a-y.
>
> Q. So are you saying that Local 73 discriminated against you based on your age?
>
> A. According to that form, I have, yes.

Boutte Dep. pg. 51.

## III. CONCLUSION

Plaintiff fails to present any genuine issue of material fact on any claim and Defendant is entitled to judgment as a matter of law. For the foregoing reasons, Defendant's motion for summary judgment is granted.

IT IS SO ORDERED

ENTER:

_____
CHARLES RONALD NORGLE, SR. Judge
United States District Court

DATED: 8/4/01